IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JIM W. CHEUNG, *ET AL.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 18-48C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES' JOINT STATEMENT OF ISSUES OF FACT AND LAW

Plaintiffs, Jim W. Cheung, *et al.*, and Defendant, the United States, pursuant to this Court's Scheduling Order, ECF No. 47, respectfully submit the following statement of issues of fact and law. The parties first present a list of the issues of fact and law on which they agree. Plaintiffs then present a list of additional factual issues, and Defendant provides a brief explanation as to why it does not join in Plaintiffs' statement of additional issues.

## JOINTLY AGREED STATEMENT OF ISSUES OF FACT AND LAW

The parties agree on the following issues of fact and law:

1. Whether Plaintiffs are in standby status while covering the after-hours duty phone ("night phone duty"), such that the entire duration of the assignment constitutes hours of work for purposes of determining overtime compensation under the Fair Labor Standards Act of 1938 (FLSA), codified as amended at 29 U.S.C. §§ 201-219, or whether Plaintiffs are in on-call status, such that only time actively responding to the night phone constitutes hours of work.

2. Whether, while on night phone duty, Plaintiffs are "restricted by official order to a designated post of duty and [are] assigned to be in a state of readiness to perform work with limitations on the employee's activities so substantial that the employee cannot use the time effectively for his or her own purposes." 5 C.F.R. § 551.431(a)(1) (describing standby status).

3. Whether, while on night phone duty, Plaintiffs are "allowed to leave a telephone number or to carry an electronic device for the purpose of being contacted, even though the employee is required to remain within a reasonable call-back radius." 5 C.F.R. § 551.431(b)(1) (describing on-call status).

4. The extent to which Plaintiffs are "allowed to make arrangements such that any work which may arise during the [night phone duty] period will be performed by another person." 5 C.F.R. § 551.431(b)(2) (describing on-call status).

5. Whether classification of Plaintiffs' night phone duty work as administratively uncontrollable overtime hours is consistent with law.

    a. Whether Plaintiffs' hours of work with respect to night phone duty are scheduled in advance of the administrative work week or irregular.

    b. Does the entire duration of the night phone coverage period constitute hours of work, as Plaintiffs assert, or do only the periods when Plaintiffs are actively answering or responding to night phone calls constitute the hours of work during night phone duty, as Defendant asserts?

6. If the Court rules that Plaintiffs were in standby status for the duration of their night phone duty assignments, rather than on-call status, and are therefore due additional overtime compensation—

    a. For which days and hours—through the end of calendar year 2019—is each plaintiff entitled to recover the additional compensation that would have been paid had the night phone duty periods been classified and paid as standby periods?

      b.     Are plaintiffs entitled to recover liquidated damages under 29 U.S.C. § 216(b), and, if so, in what proportion to the underpayment (*i.e.*, in an amount equal to the underpayment or some lesser amount under 29 U.S.C. § 260)?

      c.     Whether "the act or omission giving rise to [this] action was in good faith and [the Government] had reasonable grounds for believing that [the] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

## PLAINTIFFS' ADDITIONAL STATEMENT OF ISSUES OF FACT

In addition to the issues stated above, Plaintiffs provide the following relevant issues of fact that will be before the Court at trial. All these factual disputes were recognized by the Court in its order denying the parties' motions for summary judgment. *See* ECF No. 43.

1. Whether the restrictions on Plaintiffs during their night phone shifts render them unable to effectively use their time for personal pursuits or whether they are free to use their time effectively for personal pursuits when not actively fielding phone calls or performing pickups.

2. Whether there are any material differences between the work Plaintiffs performed during night phone shifts during ERO 2.0 and the night phone duty Plaintiffs have otherwise performed since May 1, 2017?

3. Whether Plaintiffs are expected to pick up all detainees whom the Plaintiffs are informed are being released during calls the Plaintiffs receive during their night phone shifts, or whether Plaintiffs have discretion regarding whether to perform the pickups?

4. Whether Plaintiffs' night phone duty requires them to be able to access Agency networks and databases by use of a government-issued laptop or whether night phone duty can

be performed without access to such networks and databases, such that a deportation officer does not need a government-issued laptop to perform night phone duty?

5. Whether the inherent restrictions of night phone duty require that it be performed from a fixed location (*e.g.*, the Plaintiffs' homes or offices) or whether night phone duty imposes no geographical restriction on Plaintiffs?

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
ADDITIONAL STATEMENT OF ISSUES OF FACT**

Although we believe the parties agree that the trial should resolve all factual disputes and address all areas where the summary judgment record was unclear, as discussed in the Court's summary judgment opinion, the Government does not join in Plaintiffs' additional issue statements because they are framed in a manner that either is less precise than the text of the regulations (*e.g.*, compare Plaintiffs' additional issue No. 1 with joint issue No. 2), introduces ambiguity (*e.g.*, Plaintiffs' additional issue No. 2 referring to "night phone shifts during ERO 2.0," even though scheduled overtime shifts obviated the need for the night phone system during this ERO 2.0 testing, as well as referring to "the work," despite the parties' disagreement as to what constitutes hours of work during night phone duty, *see* joint issue No. 5(b)), or suggests a false dichotomy that is not determinative of the outcome (*e.g.*, Plaintiffs' additional issue No. 3).

Date: June 26, 2020                         Respectfully submitted,

/s/ David Ricksecker
David Ricksecker
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue NW
Suite 1000
Washington, D.C. 20005
(202) 833-8855 (Tele)
(202) 452-1090
Attorney of Record for Plaintiffs

Gregory K. McGillivary
T. Reid Coploff
Matthew D. Purushotham
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, D.C. 20005
(202)-833-8855 (Tele)
(202)-452-1090 (Fax)
Of Counsel

Attorneys for Plaintiffs


— and —

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

|  |  |
|---|---|
| OF COUNSEL:<br><br>VIDHYA B. AMIRTHALINGAM<br>Associate Legal Advisor<br>U.S. Immigration and<br>Customs Enforcement<br>Department of Homeland Security<br>1201 Maryland Avenue, SW<br>Washington, DC 20536 | s/Daniel B. Volk<br>DANIEL B. VOLK<br>Senior Trial Counsel<br>MATTHEW J. CARHART<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>United States Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 353-7955<br>Facsimile: (202) 307-0972<br>daniel.b.volk@usdoj.gov<br><br>Attorneys for Defendant |